**Dean E. BLANCK, Plaintiff–Appellant,**

v.

**Edward L. COHN, et al., Defendants–Appellees.**

**No. 02–1415.**

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

## ORDER

Dean Blanck sued 29 defendants at three different prisons under 42 U.S.C. § 1983 for a bevy of constitutional violations; his claims included allegations that the defendants deprived him of access to medical care, a law library, and the courts, and fired him from his prison jobs in retaliation for asserting his constitutional rights. He asked the district court to appoint counsel to represent him, but the court denied his request. Later the court granted summary judgment to the defendants on all of Blanck's claims because he failed to identify any evidence that supported his allegations. Blanck timely appealed, and we affirm.

Blanck raises three issues on appeal. First, he argues that the district court abused its discretion when it refused his request for appointed counsel. The order denying Blanck's request demonstrates that the district court assessed the difficulty of his case and determined that his claims were not particularly complex, the facts surrounding his claims were within his personal knowledge, and he appeared competent to represent himself.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

See Zarnes v. Rhodes, 64 F.3d 285, 288–89 (7th Cir.1995). Based on the adequacy of Blanck's pleadings and the district court's assessment of his skills, we cannot say that the district court abused its discretion.

■ Next, Blanck contends that the district court granted summary judgment prematurely because he had inadequate time for discovery. The court denied Blanck's request under Federal Rule of Civil Procedure 56(f) for additional time for discovery, a decision we review for an abuse of discretion. *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir.2000). Rule 56(f) requires that any motion brought under that rule be accompanied by an affidavit establishing why additional discovery is needed. *Id.* Blanck submitted an affidavit, but it fails to explain why he needed additional discovery or what discovery he hoped to obtain. Given Blanck's failure to satisfy Rule 56(f), the district court did not abuse its discretion by denying his request. *Id.*

Finally, Blanck asserts that the district court ignored the evidence he presented when it concluded that he had not raised a material question of fact about any of his claims and granted the defendants summary judgment. But Blanck has failed to identify in his brief any of the evidence he contends supports his claims–he has not even included a statement of facts, in violation of Federal Rule of Appellate Procedure 28(a)(7). Blanck committed a similar error in the district court, which warned him that courts will not "scour the record looking for factual disputes" or to piece together appropriate arguments. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 547 n. 10 (7th Cir.2002). His failure to identify any relevant evidence, or explain how his evidence established a material question of fact, waives his argument

that the district court erroneously granted summary judgment. *See United States v. Bitterman*, 320 F.3d 723, 727 n. 1 (7th Cir.2003).

We also address Blanck's motion for sanctions against defense counsel because the defendants' statement of facts is "85% lies." In the motion Blanck disputes the facts asserted by the defendants in their appellate brief, but provides no basis for concluding that defense counsel has acted improperly.

For the preceding reasons, we AFFIRM the judgment of the district court, and DENY the motion for sanctions.